Thursday, May 5. The Judges delivered their opinions.
Judge Tucker.
This Was an action of assumpsit against the administratrix for goods, &c. sold to the in* testate.
The plaintiff declared on an assumpsit by the testator, and on the trial offered evidence, that the account was presented to the administratrix, and she read it over without objecting to any of the articles; but said that some things in the first part of the account she knew nothing of but did not doubt they were delivered, and that she would pay the balance. This evidence was objected to, but admitted by the Court; and verdict and judgment were rendered for the plaintiff. ,
That the proof ought to correspond with the nature of the charge in the plaintiff’s declaration is one of those maxims which have never been controverted. It has, however, been attempted, on the part of the appellees, to shew, that this maxim does not apply to the present case, by identifying the administratrix, with the intestate, and relying on the rule in legal proceedings, that, if an executor or administrator be sued for a debt due from his testator, &c. and does not defend the suit, he admits the debt, and judgment may thereupon be had against the estate of *405 bis testator in his hands. But this rule is, not true to the extent which was contended for. If an executor be sued on a bond of his testator, and does not defend the suit, it is very true that judgment shall be rendered for the whole debt, appearing to be due by the bond. But, if he be sued upon an account, although the executor, by not defending the suit, admits that there is something due, yet the plaintiff must prove his account, or he shall recover but one penny damages, although there be assets: and it is the same if he pleads plene administravit, which admits the debt, but not the umount.(a) In the present case, the administratrix said there were some of the articles she knew nothing of. If the evidence had been even admissible, how were the Jury, from this evidence, to ascertain tvhat articles she knew something of, and what she. knew nothing of?
The appellees’ counsel relied also on a case noticed in Gilbert's Law of Evidence, 160. (179. old edit) where, in assumpsit by an executor for money due his testator in his life-time, on the plea of the act of limitations, an assumpsit to the testator, eight years before, was proved, and a renewal of the promise to the executor, within six years, was allowed to maintain the issue, though the assumpsit In the declaration was laid to the testator only $ for, it was said, the assumpsit to the executor, the representative of the testator, is an assumpsit to the testator himself. For which Carthew, 471. is cited. But the contrary was expressly determined by the whole Court, in Green v. Grane, 2 Ld. Raym. 1101.(1) and that case, I find, was recognized as authority by tbe whole Court of K. B. 3 East, 409. The conclusion drawn from the case in Carthew must *406 therefore fail. My opinion is, that the judgment be reversed, and the verdict set aside ; and that the cause be remanded to the District Court for a new trial to be had therein, with directions that the evidence excepted to on the former trial be not again admitted.
Judge Roane.
This subject was so fiilly discussed in' the case of Fisher’s Executor v. Duncan and Turnbull,(a) that I shall say little more than to refer to the decision in, that case.
The testimony offered and admitted, consists of two parts: 1st. Of the remarks of the administratrix upon the account when it was presented to her, and which, it is contended, amount to an admission that the goods were delivered to the intestate; and 2dly. Of her declaration thereupon that “ she would pay the balance.” The admission of this declaration in evidence, amounting to an assumpsit by the administratrix, when the issue was joined upon the assumpsit of the intestate, is justly reprobated in the case of Fisher’s Executor v. Duncan and Turnbull; and, if the other testimony were proper, the opinion of the Court is still erroneous, in not withholding the evidence of this promise from the Jury. But the other part of that testimony, if it amounts to an admission, that any of the goods were delivered to the intestate, is wholly uncertain and incomplete to shew what part; at most, it is only equivalent to the case of a wi’it of inquiry, in which, although the debt is admitted, evidence, must be exhibited to ascertain the tanoiint of the damages. The evidence in this case is, at least," not commensurate with the whole claim, and there *407 fore too uncertain and incomplete to be submitted to the Jury.
My opinion is, that the judgment be reversed.
Judge Fleming.
The declaration is on an assumpsit of the testator, for goods, wares and merchandizes sold and delivered to him in his life-time. Plea, that the testa» tor did not assume in his life-time, and issue thereupon. Had the delivery of the goods been proved, the law would have implied an assumpsit, but the evidence to support the issue is, that, when the account was presented by the wit-, ness to the administratrix, she read the account over, and did not object to any item in the account, and said that some things in, the first part of the account she knetv nothing of but did not doubt that they were delivered, and that she would pay the balance.
This appears to me to be improper evidence at the trial of an issue on an assumpsit charged against the testator only. In Shelly’s case, I Salkeld, 296. (which was an action upon the case against an executor,) upon plene administravit pleaded, Lord Holt declared, that the plaintiff, must prove his debt, otherwise he shall recover but one penny damages, though there be assets, for the plea only admits the debt, but not the quantity. So, in the present case, admitting that the assumpsit of the administratrix might be given in evidence, when an assumpsit of the testator only is charged, yet it is, at most, a qualified assumpsit, “ that she wotdd pay the balance,” and what that baance was, does not appear; which brings it precisely within the reason of Shelly’s case, above cited.
I am of opinion, therefore, that the judgment be reversed, the verdict set aside, and the cause remanded for a new trial with an instruction that the evidence stated in. the bill of exceptions is not to go to the Jury, on such trial.
By the whole Court, (absent Judge Lyon's,) the judgment of the District Court reversed.

 1 Esp. 142. Butler, N. P. 140. 1 Salk. 296.

 Seethe same case reported in 1 Salkeld, p. 28. (6th edit, by Evans,) under the name of Dean v. Crane. See also Executors of the Duke of Marlborough v. Widmore, 2 Str. 890. and Fitzg. 193. S. C. in which case, to a suit by executors on a promise to the testator, the statute of limifations was pleaded, and the plaintiffs had liberty to amend by laying *406 the promise to have been made to themselves. But it is now usual to add a set of counts on promises to the executor.
It maybe proper to observe, that in the case referred to by Gilbert, an assumpsit to the testator, though before the last six years, was proved, as well as an assumpsit to the executor, within that time; and that in Green (or Dean) v. Crane, it does not appear that any promise to the testator was proved.

 1 Hen. & Munf. 563.